**STATE, ex rel. BRIZES, Relator, v. DePLEDGE, Building Inspector, City of Eastlake, Respondent.**

Ohio Appeals, Seventh District, Lake County.

No. 588.   Decided June 19, 1958.

Wayne E. Davis, Willoughby, for relator.
Richard L. McNelly, Director of Law, City of Eastlake, for respondent.

## OPINION

By GRIFFITH, J.

This action in mandamus was submitted to us on the pleadings, seven exhibits, the following agreed statement of facts and briefs and arguments of counsel:—

"1. On December 18, 1950, the Relator purchased from one Peter G. Bills, for a purchase price of $1500.00, a four room cottage on East River Drive in Eastlake, Ohio, said cottage being located on the property of one Alfred E. Meinke on the East bank of the Chagrin River, in the City of Eastlake, Ohio.

"2. Until January 19, 1957, the relator paid Mr. Meinke a rental of $50.00 per year for use of the grounds upon which said cottage was located.

"3. On January 19, 1957, the relator and Mr. Meinke entered a five year lease for the rental of space for said cottage at a rental of $60.00 per year.

"4. In May of 1951, the City of Eastlake, Ohio, enacted a Zoning Ordinance by the provisions of which non-conforming uses were and are permitted uses in the districts in which located at the time and since the enactment of said ordinance. Said ordinance further provides for and establishes certain flood plain districts and relator's cottage is located in a flood plain district.

"5. Relator's cottage was located in the East River Drive area prior to, at the time of, and since the enactment of said Zoning Ordinance.

"6. In the summer of 1954, Relator's cottage was damaged as the result of a flood of the Chagrin River.

"7. In October, 1954, the house was moved approximately 600 feet to its present location and remained on mover's equipment until March, 1955, at which time said cottage was located at a place indicated by Mr. Meinke, owner of the property; said house was moved without the relator or the mover having first obtained a permit therefor from the City of Eastlake.

"8. On July 18, 1956, the State Fire Marshal for the State of Ohio issued Order No. 94898 requiring the relator to make the repairs as recited in the petition.

"9. The City of Eastlake would cite relator for a building and zoning violation if relator proceeded to build or remodel without first obtaining a permit therefor.

"10. On July 25, 1956, relator requested the Building Inspector of the City of Eastlake to furnish him with a permit in order that relator might comply with the order of the State Fire Marshal.

"11. No application in writing was made to the Building Inspector or other official of the City of Eastlake in respect to the building or remodeling or other permit in order to permit relator to comply with the order of the State Fire Marshal.

"It is further agreed that had relator made application for a permit to remodel or repair said cottage, said permit would have been refused by the Building Inspector.

"12. On August 4, 1956, respondent referred relator to Mayor Barrett of the City of Eastlake relative to the question of obtaining a permit.

"13. On August 4, 1956, Mayor Barrett refused to entertain relator's request for a permit.

"14. Relator has at all times been ready, willing and able to comply with the order of the State Fire Marshal.

"15. The following listed exhibits are exact copies of original documents and may be admitted into evidence as follows:

"Respondent's Exhibit 'A'—Bill of Sale for subject cottage.

"Respondent's Exhibit 'B'—Photograph of relator's house as appeared in the Spring of 1957.

"Respondent's Exhibit 'C'—Photograph of relator's house as appeared in the Spring of 1957.

"Respondent's Exhibit 'D'—Photograph of relator's house as appeared in the Spring of 1957.

"Respondent's Exhibit 'E'—Photograph of relator's house as appeared in the Spring of 1957.

"Respondent's Exhibit 'F'—Lease for property upon which relator's cottage is located.

"Respondent's Exhibit 'G'—Copy of order of State Fire Marshal duly served on the relator.

"16. Relator does not reside in said house and has never done so, but uses such cottage for rental purposes.

"17. The cottage is on blocks and may be moved if the situation requires it.

"18. No appeal in reference to relator's cottage was ever filed with the Zoning Board of Appeals or other commission of the City of Eastlake.

"19. Said cottage was vacant and not occupied from the summer of 1954 to June of the year 1956.

"20. The work and repairs as ordered to be done by the State Fire Marshal have never been done.

"21. No appeal has been perfected in respect to the order of the State Fire Marshal.

"22. The cottage in question has a bathroom without running water and is without inside toilet facilities; but has chemical outhouse toilet facilities.

"23. The general area in which the cottage is located is subject to periodic floods from the Chagrin River on an average of twice per year, and such flooding conditions were present during the years 1954, 1955, 1956, and 1957.

"24. A copy of Ordinance No. 1951-40 entitled 'Eastlake Zoning Ordinances' and the Zone Map as filed with the Respondent's answer is a true and correct copy of such ordinance and map of the City of Eastlake and was in full force and effect at all times mentioned in relator's petition.

"25. The copy of Ordinance No. 1955-85 as filed with respondent's answer is a true and correct copy of the dwelling house code of the City of Eastlake and was in full force and effect at all times mentioned in the relator's petition.

"26. On January 21, 1957, relator filed his petition in mandamus for an order requiring respondent to issue a zoning permit in order to comply with the order of the State Fire Marshal.

"27. On the 7th day of February, 1957, this court issued an alternative writ in mandamus requiring respondent to issue relator a zoning permit or show cause by April 24, 1957, why he has failed to do so."

We find that the zoning ordinance as adopted is constitutional in all respects.

Council of the city of Eastlake provided in Section 1191.01 of the ordinance as follows:—

"(c) Restoration of Damaged Buildings. A nonconforming building or structure which is not more than fifty percent damaged or partially destroyed by whatever cause including acts of God but not including acts of malicious mischief or vandalism, may be restored and the occupancy or use of such building, which existed at the time of the partial destruction, may be contined or resumed, provided the restoration does not exceed the size of the original building and that the restoration is started within a period of one year and is diligently prosecuted to completion. In the event the damage or destruction exceeds fifty percent of the nonconforming building, no repairs or reconstruction shall be made unless every portion of the building is made to conform to all regulations for new buildings in the district in which it is located.

"(d) Abandonment of Buildings. A nonconforming building which

is or hereafter becomes vacant and remains unoccupied for a continuous period of one year, shall not thereafter be occupied except by a use which conforms to the use regulations of the district in which it is located."

This court will not substitute its judgment for the judgment of the legislative body in these respects since council in so enacting the ordinance exercised reasonable judgment and was not guilty of arbitrary nor confiscatory conduct. Cleveland Trust Company v. Brooklyn, 92 Oh Ap 351; City of Euclid v. Lakeshore Co., 102 Oh Ap 96.

In syllabus 16 of East Fairfield Coal Company v. Miller, Zoning Inspector, 71 Abs 490, it is said:—

"Courts cannot pass upon the wisdom of a zoning ordinance, and the court will not substitute its judgment for that of the legislative body charged with the primary duty and responsibility of determining the question."

The relator has clearly violated the two quoted sections of the zoning ordinance by his laches and by his failure to obtain a permit to move the cottage.

In sub-section (b) of Section 1191.01 of the Codified Ordinances of the City of Eastlake as to Planning and Zoning, passed May 21, 1951, it is stated:—

"(b) Moving. A nonconforming building shall not be moved in whole or in part to any other location on the lot or other premises unless every portion of the building or structure which is moved is made to conform to all the regulations of the district in which it is to be located."

For the foregoing reasons the relator's petition is dismissed and the writ prayed for is denied.

NICHOLS, PJ, PHILLIPS, J, concur.